# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06CR00049 |
| v. ) | |
| ) | **OPINION** |
| DONALD ELBERT HORTON, JR., ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*Donald Elbert Horton, Jr., Pro Se; Dennis H. Lee, Special Assistant United States Attorney, Abingdon, Virginia.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

I

A ten-count superseding indictment was issued on October 17, 2006, charging Donald Elbert Horton, Jr., and others with engaging in a continuing criminal enterprise, in violation of 21 U.S.C.A. § 848 (West 1999) (Count Four) and related drug and firearms offenses. On February 28, 2007, Horton pleaded guilty pursuant to a written Plea Agreement to Count Four. Paragraph 10 of the Agreement read, in

pertinent part: "I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to [28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon me by the court." I accepted Horton's guilty plea and sentenced him to 240 months imprisonment. I entered judgment on May 30, 2007, and he did not appeal.

On May 27, 2008, Horton filed this § 2255 motion. Liberally construed, his motion alleges that (1) counsel provided ineffective assistance because he failed to spend enough time with the defendant to discuss and prepare his case; (2) counsel failed to make certain that the defendant understood the rights he was waiving by entering into the Plea Agreement; (3) the government failed to make a motion for reduction of sentence, as promised in the Plea Agreement, and counsel did not file a motion to compel such a motion; and (4) counsel was ineffective in failing to allow the defendant access to the discovery materials provided to counsel by the government. The government has filed a Motion to Dismiss, arguing that pursuant to Paragraph 10 of his Plea Agreement, waiving the right to bring a § 2255 action, all Horton's § 2255 claims are waived. Horton has responded to the government's motion, and the § 2255 motion is now ripe for disposition.

II

To state a claim for relief under § 2255, a defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "[T]he court was without jurisdiction to impose such a sentence"; or (3) "[T]he sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). The defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). When a defendant alleges that ineffective assistance of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights. *See, e.g., Lemaster*, 403 F.3d at 221-22; *Jones v. United States*, 167

F.3d 1142, 1145 (7th Cir. 1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement [waiving § 2255 rights] cannot be barred by the agreement itself—the very product of the alleged ineffectiveness."); *see also Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985) (finding that court may address ineffective assistance claims bearing on validity of guilty plea, even concerning matters that would ordinarily be waived by entry of plea).

The court's waiver analysis must focus first on the defendant's statements during the plea hearing. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. If the court determines that petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations marks omitted). After determining that statements made during the plea hearing indicated that the defendant had entered a valid guilty plea and waiver of his § 2255 rights, the court in *Lemaster* addressed the ineffective assistance of counsel claims only to the extent that they had some alleged
- 4 -

bearing on the validity of the plea. *Id.* at 222-23. The court found that the defendant's allegations contradicted his sworn statements at the plea hearing and, accordingly, upheld the validity of the § 2255 waiver and dismissed all claims as waived. *Id.* at 223. In other cases, however, determining the validity of the § 2255 waiver will require addressing on the merits the claims that ineffective assistance caused his plea to be invalid in some respect.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. A petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, a petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When a petitioner alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill*, 474 U.S. at 58-59. If it is clear that a petitioner has not satisfied one prong of the *Strickland/Hill* test, the court need not inquire whether he has satisfied the other prong. *Strickland*, 466 U.S. at 697.

III

A. HORTON'S VALID GUILTY PLEA AND WAIVER.

Before accepting Horton's guilty plea on February 28, 2007, I questioned him to ensure that his plea was knowing and voluntary. In response to my questioning, Horton indicated that he understood his answers were under oath and that he could be prosecuted for perjury if he failed to tell the truth. He indicated that he was forty-seven years old, had attended school until the tenth grade and had then achieved his GED. He indicated that he was not currently under the influence of alcohol or drugs and had no current health problems.

Horton affirmed that he had read and initialed each page of his Plea agreement, had signed the Agreement, and had had adequate time to review and discuss the Plea Agreement with his attorney. He also indicated that he was fully satisfied with counsel's representation so far. He stated that he understood the terms of the plea agreement as summarized by the prosecutor. In exchange for the plea, the government agreed to dismiss the other charges against Horton, to stipulate a drug

amount of 527.33 kilograms of marijuana, and to stipulate that the government would not seek a sentence longer than 240 months.[1] Horton indicated that he understood all these provisions. I expressly asked Horton whether he understood that by entering into the Plea Agreement, he was waiving his right to collaterally attack his conviction or sentence, and he answered, "Yes, Your Honor." (Plea Tr. 30-31). Horton denied that anyone had promised him anything outside the Plea Agreement that had caused him to plead guilty and denied that anyone had tried in any way to force him to plead guilty.

I explained that parole had been abolished in the federal system, and Horton indicated that he understood. I reviewed the rights Horton was waiving by pleading guilty and explained in detail the elements of the charge that the government would have to prove if he went to trial. Horton indicated that he understood all these factors and was pleading guilty because he was, in fact, guilty. I then asked the prosecutor to provide a summary of the evidence in support of the plea; Horton made no objection to this summary. I find now, as I did at the plea hearing, that Horton's guilty plea and the Plea Agreement waiver of his right to bring this collateral attack under § 2255 were knowing and voluntary and therefore, valid.

---

[1] Absent the Plea Agreement, Horton faced the possibility of a life sentence.

## B. Counsel's Alleged Errors.

Horton asserts that his counsel's alleged failings in this case caused his guilty plea and waiver of § 2255 rights to be unknowing and invalid. His claims, however, are directly contradicted by his statements to the court at trial regarding his understanding of the Plea Agreement and the proceedings. During the plea colloquy, Horton indicated, under oath, that he had had adequate time to discuss the Plea Agreement with counsel and understood its consequences and the rights he was waiving, as spelled out in the Plea Agreement and summarized at the hearing. He also stated that he was satisfied with counsel's representation and did not mention any defense, discovery material, or evidence that counsel had failed to investigate and discuss with him before advising him to accept the Plea Agreement. In response to my questioning about his waiver of appeal and § 2255 rights, Horton indicated that he understood these waivers.

Horton also indicated that no one had promised him anything outside the Plea Agreement. The Plea Agreement does not include any promise that the government would move for a sentence reduction on Horton's behalf.[2] Indeed, Paragraph 15 of

---

[2] Horton alleges that the Plea Agreement in the court's record is unexecuted, and that the Plea Agreement he signed included a promise for a sentence reduction motion. The record does not support this allegation, as the Plea Agreement in the court's record includes Horton's initials on each page, his signature at the end, and no promise of a sentence reduction motion by the government.

- 8 -

the Agreement states: "I understand that even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence." Because Horton's claims contradict his testimony during the plea hearing, I find them to be "palpably incredible" so as to warrant summary dismissal.

In any event, Horton's allegations fail to state any claim under the *Strickland/Hill* standard that counsel was constitutionally ineffective in advising him to accept the plea agreement. Even if counsel's advice concerning the Plea Agreement was not sufficient to ensure that Horton understood all the consequences of his Plea Agreement, the court reviewed all of these provisions with him thoroughly, and Horton indicated under oath that he understood them. Horton fails to present any evidence that counsel could have discovered through additional meetings with him or from Horton's review of discovery materials that would have caused Horton to reject the Plea Agreement and insist on going to trial to face a possible life sentence if convicted. As the Plea Agreement did not promise a motion from the government for a sentence reduction, counsel's failure to move to compel such a motion was not deficient representation. Moreover, in exchange for the guilty plea, Horton achieved dismissal of several charges and avoided a life sentence. In

short, Horton does not demonstrate that counsel's representation was either deficient or prejudicial.

IV

Because Horton fails to demonstrate any ineffective assistance by counsel, he also fails to demonstrate that his Plea Agreement waiver of his right to bring this action is invalid in any respect. Therefore, I will grant the Motion to Dismiss his claims as waived.

A separate Final Order will be entered herewith.

ENTER: January 2, 2009

/s/ JAMES P. JONES
Chief United States District Judge

- 10 -